Emanuel M. GLAROS, Appellant/Cross-Appellee,

v.

H.H. ROBERTSON COMPANY, Appellee/Cross-Appellant.

Appeal Nos. 85–2573, 85–2641.

United States Court of Appeals, Federal Circuit.

July 22, 1986.

George P. McAndrews (argued), of Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for appellant/cross-appellee. With him on brief was L. Michael Jarvis and William J. Harte, of Chicago, Ill.

Arland T. Stein (argued), of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee/cross-appellant. With him on brief were Frederick H. Colen, James G. Uber and Michael H. Ginsberg, Pittsburgh, Pa.

Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.

MARKEY, Chief Judge.

Consolidated appeals from a judgment of the United States District Court for the Northern District of Illinois.

In No. 85–2573, Emanuel M. Glaros (Glaros) appeals from the grant of partial summary judgment to H.H. Robertson Company (Robertson), holding claims 1 and 3 of Glaros' patent[1] invalid for obviousness. *Glaros v. H.H. Robertson Company and Inryco, Inc.*,[2] 600 F.Supp. 342, 224 USPQ 1037 (N.D.Ill.1984).

In No. 85–2641, Robertson appeals from the judgment entered on a jury verdict that claim 2 of Glaros' patent is not invalid and was willfully infringed, and from the denial of Robertson's motions for JNOV and for a new trial. *Glaros v. H.H. Robertson*, 615 F.Supp. 186, 227 USPQ 448 (N.D.Ill.1985). Robertson also asks this court to reverse

---

1. U.S. Pat. No. 3,535,844, filed July 15, 1968, issued October 27, 1970 ('844 patent).

2. Inryco, Inc. (Inryco) participated fully in the trial and in post-trial arguments. The jury having found that it infringed claim 2, Inryco filed and voluntarily dismissed an appeal, No. 85–2613.

the district court's refusal to grant it summary judgment holding Claim 2 invalid.

We affirm.

## Background

### (a) Summary Judgment on Claims 1 and 3

On May 7, 1979, Glaros sued Robertson for infringement of claims 1, 2, and 3 of his '844 patent on a prefabricated structural panel. Robertson moved for summary judgment, alleging that the claimed inventions were anticipated or would have been obvious. The then-assigned judge denied the motion. After extensive discovery, Robertson renewed the motion before Judge Hart, to whom the case had been reassigned, alleging obviousness and relying largely on the deposition testimony of Glaros' expert, Dr. Larry D. Luttrell (Luttrell).

On November 14, 1984, Judge Hart, having explained in a thorough and carefully crafted opinion the reasons for doing so, granted partial summary judgment, declaring claims 1 and 3 invalid for obviousness, and reserving the validity of claim 2 for trial.

Judge Hart followed carefully the decisional guidelines set forth by the Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966), and in eleven of this court's opinions following and applying those guidelines. He adhered also to the need for determining the presence or absence of genuine issues of material fact, to the requirement that Glaros be given the benefit of inferences, and to the statute, 35 U.S.C. § 282, requiring that each claim be separately considered. The court determined that Robertson had established the absence of factual dispute on the

relationship of the prior art to the inventions set forth in claims 1 and 3, but had not established absence of factual disputes on the relationship of that prior art to the invention set forth in claim 2.[3]

### (b) The Trial

At a pretrial conference, Robertson moved for exclusion of Luttrell as a witness, on the ground that he was not skilled in the art and thus not an expert. Glaros acceded to the motion and the court excluded Luttrell.

■ On March 13, 1985, after a two-week trial, the jury returned its verdict in the form of answers to interrogatories, saying that claim 2 was not invalid and was willfully infringed by Robertson. Robertson's motions for JNOV and for new trial were denied. The court accompanied its denial of the motion for JNOV with a complete review of the jury's findings, the evidence, and Robertson's contentions, again in light of the guidelines in *Graham* and in twelve of this court's opinions, including a number involving review of jury verdicts in response to motions for JNOV under Fed. R.Civ.P. 50(b). The court found without merit the argument that a new trial was required. Having then gone on to enter its own findings and conclusions,[4] the court enjoined further infringement and reserved the questions of damages, costs, and attorney fees until the accounting.

### (c) The Appeals

The details of this fortunately unique litigation are set forth in the trial court's opinions reported as above indicated. We deal on these appeals with only the facts relating to our resolution of the issues presented.

---

**3.** Shortly after the court's decision on summary judgment, Robertson again moved for summary judgment that claim 2 was invalid. The court denied that motion.

**4.** Findings duplicating the jury's answers would appear an unnecessary step, the jury verdicts having been returned and the court having expressly found them supported by substantial

evidence. The court's findings and conclusions are not inconsistent with the jury's verdicts. Nonetheless, those recasting the jury's language enabled Robertson to devote most of its brief to an attack on the court's language, rather than on the interrogatory answers that constituted the jury's verdict.

The proceedings below and these appeals would play better in a tragicomic theatre of the bizarre. Trial counsel succeeded in creating a muddled procedural puddle in the trial court, where the parties effectively engaged in two legal contests, each prevailing in one and losing in the other. Each has then tried on appeal, in briefs containing mischaracterizations of the law and the events below, to use the victory in one as a means of converting the loss to victory in the other.

Before the trial court, Robertson first asserted the lack of qualifications of Glaros' expert, then, as above indicated, relied on that expert to support summary judgment, then moved to exclude that expert from the trial for lack of qualifications, and Glaros, having designated that same person as an expert, acceded to his own expert's exclusion.

Disregarding the differences between a partial summary judgment proceeding and a trial, Robertson says on appeal that the former established "law of the case" in the latter and Glaros says the latter requires reopening of the former and should be the "law of the case" in the reopened former. Robertson says the trial should be totally disregarded and the summary judgment modified to include invalidity of claim 2. Neither side can bring itself to fully recognize or abide by the statutory command, 35 U.S.C. § 282, that claims must be separately and independently considered. The law is not a sport where winning has been called everything, and neither a trial nor an appeal should be only an exercise in gamesmanship.[5]

## ISSUES

(1) Whether the district court erred in granting Robertson partial summary judgment holding claims 1 and 3 invalid.

(2) Whether the district court erred in denying Robertson's motion for JNOV holding claim 2 invalid.

(3) Whether the district court abused its discretion in denying Robertson's motion for a new trial.

(4) Whether this court may entertain Robertson's argument that the district court should have granted it summary judgment holding claim 2 invalid.

(5) Whether either party is entitled to costs and attorney fees incurred on this appeal.

### Appeal No. 85–2573

#### (1) The Partial Summary Judgment

Glaros contends that because: (a) his expert Luttrell, whose testimony was substantially relied on in the grant of summary judgment, was later excluded from the trial; and (b), the Pimsner patent was later found (Glaros says) not "relevant" by the jury, the trial court should now be instructed to vacate its partial summary judgment and set for trial the validity and infringement of claims 1 and 3.

■ One appealing the grant of summary judgment, including a partial summary judgment, must show that the district court erred in determining that, on "the pleadings and the evidence before it," there was no genuine issue of material fact, and that the movant was entitled to judgment as a matter of law. See SRI International v. Matsushita Electric Corp. of America, 775 F.2d 1107, 1116, 227 USPQ 577, 581–82 (Fed.Cir.1985) (in banc); Martin v. Barber, 755 F.2d 1564, 1566, 225 USPQ 233 (Fed.Cir.1985).

■ In granting partial summary judgment, the trial court indicated that Glaros had submitted no evidence that a genuine issue of material fact existed in relation to the obviousness of claims 1 and 3. To succeed on appeal, Glaros must show that

---

5. Counsel on appeal have each engaged in lamentable attribution of ulterior motives to the other. Having unprofessionally charged unprofessionalism, each then cites that charge as warranting an award of costs and attorney fees.

Pointing to misstatements of the record is appropriate. Motivational analysis is not. Nor will the latter prejudice the court. Judges have much and many better things to do than to referee irrelevant cat-fights of counsel.

he did submit such evidence *before* summary judgment was granted.

■ Luttrell was Glaros' expert. Robertson's earlier objections must now be seen as having been subsumed in Robertson's reliance on Luttrell's testimony in support of its second motion for summary judgment. Thus, *at the time summary judgment was granted,* there was no genuine issue of material fact as to Luttrell's expertise.[6] Hence Glaros' reliance on Luttrell's subsequent change of status is unavailing. That Glaros joined in effecting that change is of interest only for its demonstration of Glaros' poor grace in attempting now to rely on his own failed strategy. *See Litton Industrial Products, Inc. v. Solid State Systems Corp.,* 755 F.2d 158, 163, 225 USPQ 34, 37 (Fed.Cir.1985).

Glaros' notion that he can undo the grant of summary judgment against him by thereafter agreeing that his expert was not qualified is grotesque. To give losers of partial summary judgment adjudications that weapon would gravely diminish the usefulness of partial summary judgments in expediting litigation.

Before us, Glaros avers that "[t]here was a factual dispute as to the relevancy of the prior Pimsner patent" because "[b]oth Judge Hart and the jury, after more than two weeks at trial were convinced as to the nonrelevancy of the Pimsner patent." The argument self-destructs on the rocks of chronology. Glaros attempts to give a retroactive effect to the jury verdict, using it in an effort to create a genuine issue of material fact at the time the court was considering Robertson's motion for summary judgment. That Glaros cannot do. The time at which he was required to establish existence of a genuine issue of material fact was long past when the trial began.

Further, Glaros misstates the record. The jury determined that Pimsner was not *"more pertinent* to claim 2" than the art cited by the examiner. (Emphasis added.) The jury did *not* find that Pimsner was "not relevant." Further, the jury was not considering claims 1 and 3. Thus, if it were otherwise appropriate to use the jury finding *nunc pro tunc,* that use would not necessarily create a factual dispute on the pertinency of Pimsner to claims 1 and 3.

■ Glaros also improperly argues before this court that Pimsner should not have had the effect he says it did in the grant of summary judgment, because it "does not disclose or refer to the 'art of insulating building panels.'" We may not and will not decide the summary judgment motion *de novo.* In its summary judgment opinion the district court noted that "Glaros has chosen to rely almost exclusively upon ... secondary considerations in his opposition to the defendants' motion." 600 F.Supp. at 344, 224 USPQ at 1038. The trial court also correctly noted that Glaros "failed to direct the Court to any *evidence* that the Pimsner patent is not relevant." *Id.* at 345 n. 2, 224 USPQ at 1039 n. 2 (emphasis in the original). Glaros' effort to create an issue of fact now on Pimsner's relevancy to claims 1 and 3 is a dollar short and a day late.

---

6. Glaros attempts in his brief to resurrect Robertson's original objections to Luttrell's qualifications:

> by defendants' own admission [under Fed.R. Civ.P. 56(c) "admissions on file"], Dr. Luttrell could not assist the Court in determining the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the pertinent art. Nor could Dr. Luttrell provide aid to the meaning of the claims which are directed to one of ordinary skill.

The record does not disclose whether Robertson withdrew its original objections to Luttrell's qualifications before relying heavily on Luttrell's testimony in obtaining summary judgment. Whatever may be said of the propriety of Robertson's reliance on testimony of a witness it considered unqualified, Glaros interposed no objection to the submission of that testimony when it was offered and was at that time presenting Luttrell as his expert. He cannot now be heard to complain. Moreover, Robertson's naked assertion is not an admission of fact required by Rule 56(c). *See Proctor v. Sagamore Big Game Club,* 265 F.2d 196, 198–99 (3rd Cir.), *cert. denied,* 361 U.S. 831, 80 S.Ct. 81, 4 L.Ed.2d 73 (1959).

Though Glaros treats Luttrell's lack of qualification as a fact, the district court made no such finding at any time.

Thus the subsequent agreement of Robertson and Glaros that Luttrell was not qualified, and the jury's subsequent finding that Pimsner was not invalidating prior art for claim 2, are simply irrelevant to review of the grant of partial summary judgment on claims 1 and 3. Because that agreement and finding were not in existence at the time summary judgment was rendered, the scope and teachings of the prior art in relation to claims 1 and 3 were not in dispute when summary judgment was rendered, and they cannot by this court be placed in dispute retroactively.

Moreover, unlike the parties on appeal, the trial court considered more than Luttrell's testimony and the Pimsner patent in finding the absence of a genuine issue of material fact relating to the obviousness of claims 1 and 3, and, again unlike the parties on appeal, the district court properly noted the differences in the claims.

Rule 56(d) requires the trial court to look only at the evidence and pleadings before it at the time it renders judgment under the Rule. It did precisely that here, and did so thoroughly. The partial summary judgment, incorporated in the final judgment and holding claims 1 and 3 invalid, is affirmed.

### Appeal No. 85–2641

#### (2) Denial of Motion for JNOV

■ A court may overturn a jury verdict only if the jury's findings are not supported by substantial evidence, *Envirotech v. Al George, Inc.*, 730 F.2d 753, 760, 221 USPQ 473, 477 (Fed.Cir.1984); *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 220 USPQ 929 (Fed.Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984), or if its legal conclusions cannot be supported by the facts it properly found. *See Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1547–48, 220 USPQ 193, 198 (Fed.Cir.1983).[7]

#### (a) Validity

■ The jury answered special interrogatories on validity. Interrogatory 2 is at issue here:

2. Are the following prior art references more "pertinent" (as that word is defined in these instructions) to Claim 2 of the Glaros patent than the references cited in the Patent Trademark [sic] Office during the prosecution of the Glaros patent application?

|  | YES | NO |
|---|---|---|
| a. United States Letters Patent No. 2,047,154 to Pimsner. | ___ | X |

. . . .

The jury marked the space "NO" for each of the nine references submitted to it. The court stated, and the parties agree, that the jury was correctly instructed on the terms "prior art" and "pertinent" prior art. The court also instructed the jury that "[t]he *following prior art* was not before the Patent & Trademark Office during the prosecution of the Glaros patent application: The Letters Patent to Pimsner ...." (Emphasis supplied.) Witnesses referred to Pimsner as prior art throughout the trial and counsel for both sides referred to Pimsner as prior art in their closing arguments to the jury.

Robertson devotes the majority of each of its briefs to an insistence that the jury "thought" the Pimsner patent was "not relevant prior art".[8] It relies primarily on

---

7. Charging the jury and the court with error at virtually every step, Robertson misconstrues its role on appeal following denial of its motion for JNOV. Disregarding its burden under § 282, it attacks Glaros' failure to establish nonobviousness and presents primarily a jury argument to this court, ignoring, e.g., the record indications that Robertson's witnesses were impeached and self-contradictory, factors from which the jury could have found that they lacked credibility.

8. Robertson repeatedly cites the district court's references to Pimsner in the court's opinion, including an admittedly synonymous use of "relevant", "analogous", and "pertinent". Robertson also repeatedly refers to the relevancy of Pimsner to the Glaros *patent,* and to its use by the district court in the grant of summary judgment on claims 1 and 3. The court's phrasing is not appealable. Summary judgment turned on the absence of a genuine issue of material fact on the relevance of Pimsner to claims 1 and 3. The *question* is whether the jury's answer to interrogatory 2, that Pimsner was "not more pertinent to claim 2" than the cited art, is supported by substantial evidence. Robertson

this query transmitted by the jury to the court:

Although we do not feel Pimsner should be cited as prior art, we do recognize that it has a double tongue-and-groove. With that in mind, would it be inconsistent to cite Pimsner in response to 3A.?

Interrogatory 3 was: "With respect to Claim 2 of the Glaros Patent, do any of the prior art references disclose or suggest the following elements?" The interrogatory then went on to list a claim element in Interrogatory 3A and another claim element in Interrogatory 3B.

The district court, noting the jury's answer to Interrogatory 2, said "the jury found that the references listed were *not* more pertinent to Claim 2 of the Glaros patent than the references cited in the Patent and Trademark Office during the prosecution of the Glaros patent application. These findings are supported by credible evidence." 615 F.Supp. at 188, 227 USPQ at 449 (emphasis in the original). Though the court at various points indicated that the jury "determined that Pimsner is not within the relevant prior art." *Id.* at 189, 227 USPQ at 449, the key statement of the court was: "Having heard the evidence, the Court concludes that the jury was entirely correct in rejecting Pimsner as pertinent prior art governing Claim 2." That the court may have used other phrases in the course of its opinion cannot support Robertson's argument that the jury believed Pimsner was "not prior art at all," because neither those words nor that concept can be attributed to the jury.[9]

Robertson's reliance on the jury's query fails because it ignores the interrogatory to which the query relates and the entirety of the query itself. The individual claim element listed in Interrogatory 3A was a "double tongue and groove side edge where the tongue of one panel member is spaced from the groove of the other panel member forming an offset portion." The jury's query noted that Pimsner "has a double tongue and groove." Having Interrogatory 2 before it, to which as we now know it had already answered "No", the jury was merely asking whether, because Pimsner should not be "cited", as that word is used in Interrogatory 2, Pimsner should be listed in answer to Interrogatory 3A because it disclosed a "double tongue and groove." The court correctly and without objection answered the query, indicating that only those references found more pertinent in answering Interrogatory 2 were "relevant" to the jury's role in answering of Interrogatories 3A and 3B. Thus the word "relevant" did not mean relevant to the claimed invention.

Robertson concedes that the jury was fully instructed on the term "prior art," and there is no reason to believe that the jury did not understand the definition. Pimsner was at all times described on all sides as prior art. Pimsner is listed in Interrogatory 2 itself as among "the following prior art references." It is included in the "prior art references" the jury was required to review in answering Interrogatory 3A. Taken in context, as it must be, the jury's query was a reasonable shorthand or lay manner of asking whether Pimsner should be listed in response to Interrogatory 3A just because it "has a double tongue and groove."

Robertson attacks the jury's finding that its infringing product enjoyed commercial success, but ignores the finding that Gla-

makes no effort to show such absence of supporting evidence, and its repeated assertion that the jury thought Pimsner "was not prior art at all" is simply unsupported anywhere in the entire record.

**9.** Robertson devotes much of its briefs to an argument that, because Pimsner was recognized as prior art on summary judgment, the "law of the case" precluded the jury from finding that Pimsner was "not prior art." The argument is fallacious, the jury having made no such finding. It is fallacious, also, because of the differences in claims 1 and 3, held invalid on summary judgment, and claim 2, held not invalid at trial.

The jury's verdict being clearly supported, Robertson's assignment of error in the court's use of "credible" evidence (instead of "substantial" evidence) is not deserving of comment.

ros' product enjoyed commercial success. Robertson attacks the jury's determination that it failed to carry its burden of establishing invalidity under § 103 by re-casting that determination as an improper "finding of validity." Robertson exhibits no recognition of the presumption of validity, § 282, or that it had the burden imposed by § 282. It makes no real effort to show that it *did* carry that burden by clear and convincing evidence at trial. These and other arguments presented by Robertson in relation to validity of claim 2 have been thoroughly considered and found without merit in light of the trial record.

The district court did not err in denying the motion for JNOV in respect of the validity of claim 2.

### (b) Infringement

Robertson's attack on the jury verdict of infringement is equally without merit, virtually ignoring what occurred at trial.

■ First, Robertson improperly attacks the jury instructions on claim interpretation and infringement. Having failed to object to those instructions before the jury retired, Robertson is precluded from assigning them as error on appeal. Fed.R. Civ.P. 51.[10]

■ Second, Robertson says there was not substantial evidence to support the jury's verdict on infringement, and goes on to present the merits of its own argument for non-infringement. In citing only the testimony of its own witness, and deprecating that of Glaros, while ignoring the court's statement that the verdict was supported by Glaros' credible testimony, Robertson is simply wrong. The jury was

presented with days of testimony and exhibits going to the prosecution history, the claim, the specification, and the product accused as an infringement. The district court correctly noted, in deciding Robertson's motion for JNOV, that "a reasonable jury could find that both the tongue and fastener of the accused panels fall within the scope of claim 2 ...."

The jury was likewise presented with substantial evidence from which it could have correctly found Robertson's infringement willful. The impeachment of its witnesses, the absence of any evidence of a good-faith belief that it was not infringing, and the nature of its own documents formed a fully adequate basis for the jury's finding of willfulness.[11]

As the district court noted, there is simply no basis on which it could substitute a judgment of non-infringement for the judgment to be entered on the jury's verdict. Accordingly, the district court did not err in denying the motion for JNOV in respect of the infringement of claim 2.

### (3) Motion for New Trial

■ Robertson moved for a new trial on the primary ground that the district court's exclusion of certain evidence constituted error requiring a new trial.[12] The court did not abuse its discretion under Fed.R.Evid. 403, in excluding that evidence as prejudicial, confusing, and cumulative.

Robertson's "evidence" consisted of other patent applications and other patents, all with claims differing in language and scope from claim 2, a patent application declaration of one Welsh, Robertson's patent on the accused product, and an interference between the parties. Introduction of that

---

10. The rule was designed to avoid the heads-or-tails ploy by which counsel stands mute when an erroneous instruction is given, hoping for a favorable verdict and planning to use the erroneous instruction on appeal if the verdict be unfavorable.

11. Robertson improperly asserts facts to this court that were never presented to the jury in respect of willfulness. Further, its argument that the jury's failure to find Inryco's infringement willful establishes an "inconsistency" is

meritless. As the district court explained, the jury was at liberty to find Inryco's denial of willfulness convincing and Robertson's unconvincing. No "inconsistency" exists in a jury's finding of differences between independent defendants.

12. Robertson also attacks from numerous angles the instructions given the jury. The arguments offered in support of that attack have been considered and found without merit.

evidence would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues. *See* C. McCormick, *Evidence* § 185, at 439 (2d ed. 1972) and cases cited. Trial courts have the right and duty to manage proceedings before them to insure both expedition and fairness, and must be granted a wide discretion in carrying out that duty. Here the trial court's exercise of its responsibility under Rule 403 was exemplary in all respects. Robertson has shown no prejudice to its case and no abuse of the court's discretion in excluding evidence.

The district court did not abuse its discretion in denying the motion for new trial.

### (4) Denial of Summary Judgment on Claim 2

Robertson asks this court to decide that the district court improperly determined that genuine issues of material fact were present when it denied summary judgment of invalidity of claim 2. We cannot do that.

■ A Rule 56(d) order *granting* partial summary judgment from which no immediate appeal lies is *merged* into the final judgment and reviewable on appeal from that final judgment. *Aaro, Inc. v. Daewoo International (America) Corp.,* 755 F.2d 1398, 1400 (11th Cir.1985), and cases cited therein; *see also Eudy v. Motor-Guide, Herschede Hall Clock Co.,* 604 F.2d 17, 18, 203 USPQ 721 (5th Cir.1979). Hence Glaros' appeal from the grant of summary judgment to Robertson is proper.

■ An order *granting* a judgment on certain issues is a judgment on those issues. It forecloses further dispute on those issues at the trial stage. An order *denying* a motion for partial summary judgment, on the other hand, is merely a judge's determination that genuine issues of material fact exist. It is not a judgment, and does not foreclose trial on the issues on which summary judgment was sought. It "does not settle or even tentatively decide anything about the merits of the claim." *Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966). Denial of summary judgment "is strictly a pretrial order that decides only one thing—that the case should go to trial," *id., i.e.,* that the claim *remains pending* for trial. "An order denying a motion for summary judgment is interlocutory, non-final, and non-appealable." *Parker Brothers,* 757 F.2d 254, 255, 226 USPQ 11 (Fed.Cir.1985) (citations omitted).[13] The order in *Parker* was interlocutory. Nonetheless, a denial of summary judgment is not properly reviewable on an appeal from the final judgment entered after trial.[14]

■ The substantial segment of Robertson's brief devoted to its effort to overturn the denial of summary judgment on claim 2 fails to recognize that the *only* final judgment rendered on the validity of claim 2 was that entered on the jury verdict. *See Boyles Galvanizing & Plating Co. v. Hartford Accident & Indemnity Co.,* 372 F.2d 310, 312 (10th Cir.1967). Having been cited by Glaros to its failure to include the matter in its notice of appeal, Fed.R.App.P. 3(c), and to cases holding that *denials* of partial summary judgments do not merge with the final judgment, Robert-

---

**13.** Courts have allowed interlocutory appeals of such orders under circumstances not here present (certification under 28 U.S.C. § 1292(b); effective denial of injunction, 28 U.S.C. § 1292(a)(1)). *See generally* 10 Wright and Miller, Federal Practice and Procedure § 2715, at 638 (1983).

**14.** *See generally* Annot., 15 A.L.R. 3d 899, 922; Annot., 17 L.Ed.2d 886, 893; 4 Am.Jur.2d *Appeal and Error* § 104. References may be found in an occasional appellate opinion to the propriety or reviewability of a summary judg-

ment denial that had occurred in the case. *See, e.g., Savarin Corp. v. National Bank of Pakistan,* 447 F.2d 727 (2d Cir.1971). Because the denial decided nothing but a need for trial and trial has occurred, the general and better view is against review of summary judgment denials on appeal from a final judgment entered after trial. In any event, no case has been found in which (as Robertson seeks here) a final judgment after trial was vacated or reversed because summary judgment had been improperly denied.

son, incredibly, filed a reply brief ignoring Rule 3(c) and citing cases in which *grants* of partial summary judgment were held reviewable with the final judgment.

Robertson (1) failed to convince the district court that no genuine issue of material fact existed in respect of the validity of claim 2; (2) excluded from trial the witness it relied on in respect of claims 1 and 3; and (3) failed to persuade the jury of anything. In this court, Robertson asks us not only to overturn the jury's verdict, the denial of JNOV, and the denial of a new trial, but goes on, in the face of contrary authority, to twice insist that we must reach back into the beginning of the litigation in the Northern District of Illinois, ignore entirely the subsequent trial by jury, and order the district court to vacate its determination on the motion for summary judgment that facts remained in dispute respecting validity of claim 2. Robertson's effort in this court to overturn the denial of summary judgment on claim 2 is improper. It is productive only of a waste of this court's time and of Robertson's resources.

### Motion to Dismiss

Just before oral argument, Glaros filed an "Emergency Motion to Dismiss" Robertson's appeal, accompanied by five documentary exhibits. The court denied the motion, dismissal being too draconian a remedy for the misrepresentation of fact by Robertson set forth in the motion.

Robertson's main brief included a section heading that began "The Jury's Finding of Wilfullness Is Without Meaning Given Lack of Instruction." The text of that section contained repeated assertions that "the trial court submitted the issue to the jury in Interrogatory 9 without any instructions on the law pertaining to wilfullness."

Glaros' answering brief argued that the jury's finding was supported by substantial evidence, but did not mention instructions. Robertson's reply brief contained a section heading that began "Glaros Presents No Answer To The Jury's Finding of Wilfullness Being Without Meaning Given Lack of Instruction." In that section, Robertson again repeatedly stated that there were no instructions on willfulness, saying "a fundamental fact in this case is that the jury was not instructed on the issue of wilfullness," that the jury received "no guidance from the court" and that Glaros ignored "this glaring error, arguing instead as though the jury had been instructed".

Glaros' motion set forth a three-paragraph instruction on willfulness given the jury by the court. That instruction appears on page 2358 of the Appendix agreed to by the parties. Glaros said this was Robertson's second "major barefaced misrepresentation of fact," [15] and "an obvious factual fabrication." Glaros accused Robertson of *removing* page 2358 for ulterior purposes, indicating that its removal by accident would be a "million to one" coincidence. Glaros demanded dismissal, costs, and attorney fees.

In a Memorandum in Opposition to Glaros' motion, Robertson begins by accusing Glaros of "artifice and exaggerated protestations," saying that the motion establishes only "that Robertson's appellate counsel was missing a page of the trial transcript and did not note its absence," that a simple "error" was made in copying the transcript given appellate counsel, and that it went "unnoticed by counsel despite diligent preparation and briefing." The closest Robertson's appellate counsel comes to recognizing the effect on and offense to the court is that "Robertson and its appellate counsel,

---

**15.** In Robertson's main brief it flatly denied that it had moved to exclude Luttrell as a witness at trial. In Glaros' answering brief, he quoted a colloquy of the court with Robertson's counsel, in which the latter admitted unequivocally that he *had* moved to disqualify Luttrell. In its reply brief, Robertson merely accuses Glaros of going outside the record and of misconstruing counsel's statement, with no indication of any different construction that would be possible, and no recognition whatever that Robertson's misstatement of fact constitutes an offense to the court. Treating the matter only as one between the parties, Robertson says Glaros raised it only to "divert attention from the frivolity of its appeal." The treatment of the matter in Robertson's brief is totally inadequate.

Reed, Smith, Shaw & McClay, regret the error." [16]

Robertson's Memorandum was accompanied by an affidavit signed by Arland T. Stein, Frederick H. Colen, James G. Uber, and Michael H. Ginsberg, stating that the Reed Smith firm was not involved in the trial, that it received the transcript from Robertson's trial counsel, that it did not contain page 2358, that though Robertson "mistakenly asserted" the absence of instructions, Glaros did not correct the "error" by citing page 2358 in his answering brief, and that Glaros waited three weeks after he received the transcript to call attention to the "error."

Robertson's Memorandum also included an unauthorized brief containing an improper attack on the instruction given the jury and additional argument respecting willfullness. Robertson's explanation of its error appears on one page. Its unauthorized brief runs for three pages. The brief has been disregarded as filed without leave.

▆ The notion that counsel may strenuously and repeatedly emphasize a fact contrary to the record, may consider that conduct mere "error," and may still consider his preparation "diligent," is anathema to the proper, fair, and expeditious administration of appellate justice. That conduct constitutes a dereliction of duty owed the court. If a record page were missing, that would supply no justification whatever for stating (even once) that something did not happen at trial *without checking* to be sure of the accuracy of that statement. Page 2358 would fall within the block of pages 2334 to 2362 designated for the appendix. With 30 pages of instructions in the transcript, and the care reflected in the district court's opinions, the facile assumption that the district court failed to instruct on willfullness was, at best, the result of gross carelessness. Had counsel telephoned opposing counsel to check that unjustified assumption, the truth would have been learned. That counsel on appeal were not involved in the trial neither excuses the present conduct nor diminishes the care to be exercised to *insure* that the record is reflected truly and accurately in the brief. Nor is the action or inaction of opposing counsel relevant. Lastly, Robertson's light-hearted evaluation of its disregard of duty to the court is unconscionable.

▆ Glaros' request for an award of costs and attorney fees must in this case be denied. Robertson's misstatements of the record respecting its motion to disqualify Luttrell and the absence of instructions would normally justify an award of costs and attorney fees incurred in the effort of opposing counsel to inform the court of the truth. Glaros, however, carried that effort too far. Glaros' counsel presumably knew the truth. No reason is given or appears for the failure of Glaros' counsel, upon reading the misstatements in Robertson's main brief, to telephone Robertson's appellate counsel.[17] That step might have made unnecessary the preparation and filing of Glaros' Emergency Motion to Dismiss and the need for the court to consider it and Robertson's response.

### (5) Costs and Attorney Fees

Neither party is entitled to costs and attorney fees on this appeal.

### CONCLUSION

The parties have advanced and argued numerous other contentions. Because

---

16. At another point, Robertson said "Fortunately, the error was discovered before oral argument and disposition of the appeal." Robertson was in no position to characterize or to temper. The error was discovered by Glaros, and there is nothing "fortunate" to the *court* in the timing of the discovery. By that time, the court had read the briefs, made appropriate notes, researched authorities as necessary, etc. The "error" caused additional work for the court in considering the motion and Robertson's response.

17. The court is aware, of course, of the schedule of events in readying an appeal for hearing, and that the parties in this case apparently did not have the formal appendix until late in the process. Those factors, however, argue for more, not less, use of the telephone by counsel on both sides, and in no manner justify a diminution in the standard of care required in the preparation of briefs.

those other contentions are facially merit-less and non-dispositive of any issue, we decline to address them. The judgment of the district court is affirmed in all respects.

AFFIRMED.