824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PHARMACIA AB AND PHARMACIA, INC., Plaintiffs/Appellants,
v.
VENTREX LABORATORIES, INC. and Ventrex Reference
Laboratories, Inc., Defendants/Cross-appellants.
 Appeal Nos. 86-1551, 86-1622.
 United States Court of Appeals, Federal Circuit.
 June 18, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 Pharmacia AB and Pharmacia, Inc. (collectively, Pharmacia) appeal from the judgment of the United States District Court for the District of Maine, Nos. 83-0073P and 83-0231P, dismissing Pharmacia's complaint and granting declaratory relief in favor of Ventrex, and from the trial court's post-trial order denying Pharmacia's motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. Ventrex Laboratories, Inc. and Ventrex Reference Laboratories, Inc. (collectively, Ventrex) cross-appeal from the trial court's post-trial order denying Ventrex' motion for attorney fees. We affirm.
 
 Pharmacia's Arguments
 
 2
 On appeal Pharmacia raises numerous arguments designed to show that the trial court erred when it: (1) excluded evidence proffered by Pharmacia; (2) instructed the jury; and (3) denied Pharmacia's motion for JNOV or new trial based on the jury's verdict on inequitable conduct, validity, and infringement. Because we view inequitable conduct as the controlling issue in the case, we address only the arguments related to that issue.
 
 
 3
 Pharmacia's argument that the jury instructions on inequitable conduct were erroneous is foreclosed by Pharmacia's failure to object to the instructions at trial. Fed.R.Civ.P. 51; Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1572, 230 USPQ 393, 398 (Fed.Cir.1986). Nothing in the trial transcript shows that Pharmacia objected to the charges it now argues are erroneous. Because the language of the charge on unenforceability and inequitable conduct tracks the language of this court's opinion in J.P. Stevens & Co. v. Lex Tex, Ltd., Inc., 747 F.2d 1553, 223 USPQ 1089 (Fed.Cir.1984), cert. denied, 106 S.Ct. 73 (1985), Pharmacia's assertion that, despite its failure to object at trial, review is necessary to correct fundamental error, is without merit. See American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1364, 220 USPQ 763, 774 (Fed.Cir.), cert. denied, 469 U.S. 821 (1984).
 
 
 4
 Pharmacia argues that, with respect to the issue of inequitable conduct, the trial court erred by excluding from evidence a statement by Ventrex' counsel at a pre-trial motion hearing, offered by Pharmacia to show that the work of Dr. Ishizaka was not material prior art to the Pharmacia patent. At a hearing on its motion for summary judgment Ventrex' counsel stated:
 
 
 5
 [I]t's difficult for these expert witnesses to read the articles of Ishizaka. How can the jury determine whether or not the articles of Ishizaka are proper prior art to this particular patent if the experts themselves have difficulty in determining that?
 
 
 6
 In a motion in limine, Ventrex objected to the introduction of the transcript of the motion hearing containing the statement on the basis that the statement was hearsay and was prejudicial because it could be taken to be demeaning to the jurors. Pharmacia offered to delete the reference to the jurors and present the statement in the form: "Experts themselves have difficulty in determining whether or not the articles of Ishizaka are proper prior art to the patent in suit." It argued that as an admission of a party-opponent the statement was admissible non-hearsay. Fed.R.Evid. 801. The trial court excluded the statement on the basis that it was merely cumulative of the testimony of the experts themselves. Fed.R.Evid. 403. We see no error in the trial court's conclusion.
 
 
 7
 Pharmacia asserts that the factual determinations underlying each of the jury's conclusions on inequitable conduct adverse to Pharmacia were unsupported by substantial evidence. In Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 220 USPQ 929 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984), this court discussed the method for reviewing a judgment entered on a jury verdict after denial of a motion for JNOV. In such situations, the appellant must "show that the jury's factual findings were not supported by substantial evidence, or if they were, that the jury's legal conclusion was not supported by those facts." Id. at 1512, 220 USPQ at 936. In Railroad Dynamics, the court recommended the use of interrogatories to the jury that would reveal the specific factual findings that the jury made in reaching its legal conclusions. Because the Special Verdict form used in this case, Appendix at 256, did not contain such interrogatories, we must presume that the jury found all of the factual elements necessary to the legal conclusions they reached and inquire only whether there is substantial evidence to support each element. See Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 739 F.2d 604, 222 USPQ 654, 657 (Fed.Cir.), cert. denied, 469 U.S. 1038 (1984).
 
 
 8
 The party seeking a determination of unenforceability must prove two elements of inequitable conduct by clear and convincing evidence. First, inequitable conduct requires proof that the nondisclosed information reaches the threshold degree of materiality, in the sense that: "a reasonable examiner would have considered the omitted reference or false information important in deciding whether to allow the application to issue as a patent." J.P. Stevens, 747 F.2d at 1559, 223 USPQ at 1092. Second, inequitable conduct requires proof of threshold intent to mislead. The intent requirement is satisfied by proof that the patentee knew or that a reasonable person in the patentee's position "should have known of the materiality of the withheld reference." Id. at 1560, 223 USPQ at 1092; Reactive Metals Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1584, 226 USPQ 821, 825 (Fed.Cir.1985). If there is sufficient evidence of materiality and intent, the jury is free to conclude that the patent is unenforceable by reason of inequitable conduct.
 
 
 9
 In this case ample evidence supports the jury's verdict on inequitable conduct. Ventrex introduced evidence that, while Pharmacia's United States patent application was pending, Pharmacia was refused patents in the Union of Soviet Socialist Republics and the Federal Republic of Germany based on prior art, including publications by Drizlikh. Despite its knowledge that foreign patent examiners deemed the references material, Pharmacia did not disclose the references to the United States examiner. See J.P. Stevens, 747 F.2d at 1566, 223 USPQ at 1097. Furthermore, there was evidence that, although the inventors' published articles often relied on published research of Ishizaka and Coombs, Pharmacia did not cite the work of either of these scientists in its United States application. In the reexamination proceeding, the examiner stated that the publications of Ishizaka, Coombs, and Drizlikh were "clearly material" to the reexamination. Appendix at 4211. As a result of the reexamination, the United States Patent and Trademark Office (PTO) rejected claims 25 and 26 of Patent No. 3,720,760 ('760) based in part on the Ishizaka reference. Appendix at 4221-23. To avoid the rejection, Pharmacia later amended claims 25 and 26 of the '760 patent. Although the results of a reexamination proceeding are not conclusive on the element of materiality, "the result of a PTO proceeding that assesses patentability in light of information not originally disclosed is of strong probative value in determining whether the nondisclosed information would have been material." J.P. Stevens, 747 F.2d at 1562, 223 USPQ at 1094. In short, there is substantial evidence in the record from which the jury could conclude that Ventrex proved inequitable conduct by clear and convincing evidence.
 
 Ventrex' Argument
 
 10
 Ventrex' sole argument is that the trial court erred by requiring proof of "deliberate" inequitable conduct as a prerequisite to awarding attorney fees. Once a trial court determines that a case is exceptional, it is within the court's discretion to award attorney fees. See Reactive Metals, 769 F.2d at 1584, 226 USPQ at 824 (Fed.Cir.1985); Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc., 707 F.2d 1376, 1384, 217 USPQ 1281, 1287 (Fed.Cir.1983).
 
 
 11
 Based on the jury verdict of inequitable conduct, the trial court properly determined that this case is exceptional. See Bayer Aktiengesellschaft v. Duphar Int'l Research B.V., 738 F.2d 1237, 1242, 222 USPQ 649, 652 (Fed.Cir.1984). In exercising its discretion to award attorney fees, a trial court may consider numerous factors, including: "the closeness of the case, the tactics of counsel, the conduct of the parties, and other factors." S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). In this case, the trial court did not apply an improper legal standard, but merely determined that in its judgment, the policies underlying an award of attorney fees were not advanced by such an award unless the party engaged in inequitable conduct acted deliberately. See Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467, 470-72, 227 USPQ 368, 371-72 (Fed.Cir.1985). Although we express no opinion whether we would have reached a similar conclusion, we certainly cannot say that, under the circumstances of the case, the trial judge's conclusion was an abuse of discretion.