**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1739
_____

ED COLLINS,
                              Appellant,

v.

DANIEL BOYD; KEVIN FRIEL; JAMES HART; SALLIE
A. RODGERS; COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF PUBLIC WELFARE (DPW)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-01599)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  October 2, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Ed Collins appeals from the District Court's judgment entered in favor

of the defendants.  For the following reasons, we will affirm.

Collins filed an amended complaint pro se against the Pennsylvania Department of Public Welfare ("DPW") and DPW officials Daniel Boyd, Kevin Friel, James Hart, and Sallie Rodgers, alleging violations of Title VII, 42 U.S.C. § 2000e et seq., and violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. His section 1983 claims were based on violations of the First and Fourteenth Amendments. Collins also alleged a violation of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 et seq. Collins initiated the action in the United States District Court for the Eastern District of Pennsylvania, but that court transferred the matter to the Middle District of Pennsylvania.

Collins, who has a degree in Engineering, was hired by DPW on April 10, 2006 as a probationary supervisory purchasing agent. He was the only African-American employed in his department. During the relevant time period, Boyd was his supervisor, and Friel was Boyd's supervisor. It was Collins' job to locate reliable sources for all commodities and services required by DPW, using minorities and women as vendors when available. Collins alleged that Boyd and Friel created a hostile work environment and discriminated against him on the basis of his race and his activism. Specifically, Collins alleged in his amended complaint that he was not provided with adequate training when he began work, and that he was not extended the same courtesies – Internet use, cell phone use, flexible and liberal breaks – that white employees received. On one occasion, the Governor's Advisory Commission on African American affairs invited him to attend a networking meeting and Boyd required him to submit a leave slip. When Collins sought "clarification," Boyd told Collins that no leave would be charged, but, after that, Boyd changed toward Collins and began to be critical of his work.

2

Collins alleged that he received a positive evaluation of his work as late as July, 2006, but in August, 2006, he complained to his supervisors via email about racially discriminatory practices at DPW, and he complained to DPW Secretary Estelle Richman about racial discrimination in the procurement section of DPW. At the end of September, 2006, Collins received a rating of "unsatisfactory" from Boyd and was denied civil service status. He again complained to Secretary Richman, and he complained to Boyd and Friel about harassment at work, inadequate training, computer tampering, and leave request abuses. In October, 2006, a training opportunity was offered to a white female staff member and not to Collins, even though he had requested it. Also in October, 2006, Friel told a racist story and said "we are all racists." Collins again complained to Boyd and Friel about a racially hostile work environment, and Collins' probation was extended by six months until April 10, 2007. Boyd, however, continued to harass him about his job performance.

In November, 2006, Boyd and Friel accused Collins of falsifying procurement tracking documents in an attempt to hide his earlier mistakes. On November, 20, 2006, Collins was suspended without explanation, without pay, and without a hearing. On December 28, 2006, he was terminated. Collins alleged that in a subsequent Civil Service Commission hearing, Boyd, Friel, Hart, and Rodgers gave false testimony concerning the reason for his termination. Kevin Rockwell, an inexperienced white employee who did not engage in protected activity, was hired around the time that he was hired, was granted civil service status, and now occupies his former position. Boyd was given a promotion in December, 2009.

3

The defendants moved to dismiss Collins' amended complaint and filed a motion to stay discovery. Collins filed a motion for a default judgment against DPW and a motion for sanctions against the defendants, who had failed to timely answer his interrogatories or respond to his request for production of documents. The Magistrate Judge denied Collins' motion for a default judgment against DPW, and denied the defendants' motion to stay discovery. The defendants were sanctioned in the amount of $300 for delaying discovery.

The District Court then granted the defendants' motion to dismiss in part, dismissing Collins' claims under section 1981 against all of the defendants as not cognizable; his claims under section 1983 against the individual defendants in their official capacities and against DPW as barred by the Eleventh Amendment; his claims against DPW under the state Human Relations Act as barred on the basis of sovereign immunity; and his Title VII claims against the individual defendants. Collins was granted leave to amend with respect to his deficient allegations of personal involvement by defendants Hart and Rodgers, and with respect to the existence of an agreement sufficient to allege a civil rights conspiracy under sections 1985 and 1986. The defendants' motion to dismiss was denied with respect to Collins' section 1983 claims against Boyd and Friel in their individual capacities, and with respect to his Title VII claims against DPW.

The defendants appealed the Magistrate Judge's order awarding money sanctions for a discovery violation to the District Court. The District Court granted the defendants' appeal and vacated the $300 sanction. The Magistrate Judge, in response to the District

Court's order granting Collins leave to amend with respect to certain of his civil rights claims, issued an order requiring that any second amended complaint filed by Collins stand on its own without reference to prior complaints. Collins then filed a second amended complaint, which the defendants moved to strike on the ground that he failed to comply with the Magistrate Judge's order. The Magistrate Judge granted the motion and Collins' second amended complaint was stricken. The Magistrate Judge then denied a subsequent motion for reconsideration. Collins did not appeal to the District Court, and thus his section 1983 claims against Hart and Rodgers and his claim of a civil rights conspiracy under sections 1985 and 1986 were deemed dismissed.

Collins moved for preliminary injunctive relief, a motion the District Court denied, in pertinent part, on the ground that Collins could not show immediate irreparable injury. Collins moved for appointment of counsel, a motion the Magistrate Judge denied. The defendants moved to sanction Collins for failure to appear at his deposition, and the Magistrate Judge granted the motion and sanctioned Collins in the amount of $424.30.

The defendants then moved for summary judgment on the remaining claims, submitting affidavits from Friel, Boyd, and one of Collins' subordinates, and numerous exhibits including Collins' negative performance evaluation. In the main, the defendants argued that Collins' work was sloppy and that he was often away from his desk talking on his cell phone; and that a payment to a vendor had been delayed for six months because of his poor performance and that he had improperly manipulated a log to hide this error. Friel denied that he ever said that "we are all racists," and averred that it was only after Collins received a negative performance evaluation that he began to complain

5

about racial discrimination. The defendants also summarized Collins' deposition testimony.

Collins moved for partial summary judgment, and he submitted numerous exhibits, including copies of emails between him and his supervisors and the transcript from his State Civil Service Commission Hearing. In the main, Collins repeated the assertions contained in his amended complaints. He argued that he had engaged in protected activity by opposing discriminatory procurement practices at DPW, and that he was terminated for his activism. He asserted that DPW had a poor track record, 3%, of minority participation. He explained that what he had done with the log was unexceptional and that other employees had experienced similar problems with assignment contracts that required correction and they had not been fired. He attached and referenced a 2009 Report by the state Auditor General that found a lack of transparency within the procurement process that created the potential for improprieties in the awarding of contracts, including the potential for vendor favoritism. Collins also complained that he would not be able to receive a fair trial in the Middle District due to "public corruption."

The Magistrate Judge filed a Report and Recommendation, in which he recommended that both motions for summary judgment be denied and that the case proceed to trial on the remaining claims. The District Court adopted the Report and Recommendation, and denied both motions for summary judgment. The District Court also gave Collins an extension of time in which to pay the balance of the money sanction that had been imposed upon him by the Magistrate Judge.

Collins then sought and received from the District Court 60 days to retain legal counsel. When he was unsuccessful in that regard, he again moved for appointment of counsel at public expense. The District Court denied the motion. Just before trial, Collins again moved to stay the proceedings to give him additional time to retain counsel. The District Court denied the motion, and restated its view that the issues were not complex and Collins was capable of litigating his case. Also before trial, the defendants filed a motion in limine, seeking to exclude the 2009 Auditor General's Report. The District Court ordered Collins to address the relevance of the Report in his Pretrial Memorandum. The defendants' motion in limine was granted and the Report was excluded after Collins failed to comply with the District Court's order.

A jury was selected, the trial commenced, and Collins' Title VII claims against DPW were dismissed with prejudice upon the defendants' Rule 50 motion. His section 1983 claim against Friel and Boyd alleging racial discrimination also was dismissed pursuant to Rule 50. His remaining section 1983 claim against Friel and Boyd alleging retaliation in violation of the First Amendment was decided in favor of the defendants and against Collins pursuant to the jury's verdict. Judgment was entered on February 14, 2013, and Collins filed a notice of appeal on March 12, 2013. We note that transcripts from the trial were produced at public expense, 28 U.S.C. § 753(b), apparently at the direction of the court, see Docket Entry Nos. 269-71.

Collins now seeks review in this Court of the Magistrate Judge's order denying him a default judgment against DPW early in the litigation, see Informal Brief, at 2; the Magistrate Judge's order striking his second amended complaint, see id. at 4-5, 6; the

7

District Court's order vacating the $300 discovery sanction imposed on the defendants, see id., at 5; the District Court's order denying him preliminary injunctive relief, see id. at 7; the District Court's order denying him summary judgment, see id. at 9, 11; the Magistrate Judge's order sanctioning him in the amount of $424.30 for failing to appear at his scheduled deposition, see id. at 9, 11; the District Court's order denying him appointment of counsel, see id. at 10, 12; the District Court's order excluding the 2009 Auditor General's Report, see id. at 12; the District Court's refusal to allow him to conduct voir dire, which he believes resulted in an all-white jury that was prejudicial and not impartial, see id. at 13, 17-18; the District Court's unfair and prejudicial conduct during the trial, which included repeatedly interrupting him and requiring him to limit and expedite the presentation of his case, see id. at 14-15; and the District Court's order directing a verdict on his Title VII claim against DPW, see id. at 16.

As a threshold matter, we lack jurisdiction to review the District Court's order denying Collins' motion for preliminary injunctive relief. The District Court's order was entered on July 14, 2010 and Collins did not file his notice of appeal until March 12, 2013. An order denying preliminary injunctive relief is immediately appealable, 28 U.S.C. § 1292(a)(1); Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991) (interlocutory order denying injunctions are appealable where order relates to relief ultimately sought by claimant), and so Collins had thirty days from July 14, 2010 in which to file his notice of appeal, Fed. R. App. Pro. 4(a)(1)(A). The notice filed on March 12, 2013 was late by more than 2½ years. Because the time limits established by Congress are mandatory and jurisdictional, Bowles v. Russell, 551 U.S.

8

205, 213 (2007), we will dismiss this part of Collins' appeal for lack of appellate jurisdiction.

We also lack jurisdiction to review the District Court's order denying Collins' motion for summary judgment. A denial of summary judgment is not properly reviewable on appeal from the final judgment entered after trial, Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986), because "the denial decided nothing but a need for trial and trial has occurred." Id. at 1573 n.14. Accordingly, we will dismiss this part of Collins' appeal for lack of appellate jurisdiction.

Next, we note that the parties did not consent to jurisdiction by a Magistrate Judge, 28 U.S.C. § 636(c)(1). Middle District Local Rule 72.2 provides that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge … [and a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See also 28 U.S.C. § 636(b)(1)(A). Collins seeks review in this Court of certain pretrial orders of the Magistrate Judge which he did not appeal to the District Court, including the Magistrate Judge's order denying his motion for a default judgment against DPW; the Magistrate Judge's orders requiring any second amended complaint to stand on its own without reference to prior complaints and striking his second amended complaint when it failed to comply with this order; and the Magistrate Judge's order sanctioning him for failure to appear for his deposition.

9

A Court of Appeals may only review final orders of the District Court, 28 U.S.C. § 1291, absent consent of the parties, see id. at § 636(c)(1), to proceed before a Magistrate Judge. Although the failure to seek review of the Magistrate Judge's pretrial orders issued pursuant to section 636(b)(1)(A) is not a jurisdictional defect, see United States v. Polishan, 336 F.3d 234, 239-40 (3d Cir. 2003) (citing United States v. Brown, 79 F.3d 1499, 1503 (7th Cir. 1996)), a waiver rule generally applies. See United Steelworkers of America v. New Jersey Zinc Company, Inc., 828 F.2d 1001, 1007-08 (3d Cir. 1987) ("[P]arties who wish to preserve their objections to a magistrate's order entered pursuant to § 636(b)(1)(A) must file their objections in the district court.). When Collins did not seek review of these rulings under the procedures specified by the local rule, he deprived the District Court of the opportunity to correct any errors; such tactics are wasteful of scarce judicial resources. See Polishan, 336 F.3d at 240-41. Accordingly, Collins' contentions concerning these pretrial orders are waived and we will not review them.

Also with respect to the preservation of issues, Federal Rule of Appellate Procedure 28(a)(9) requires that an appellant's brief must contain argument, and that argument in turn must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We held in Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993), that "if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." The appellees have argued that Collins has not complied with appellate Rule 28(a)(9) throughout his brief and they seek dismissal of his appeal on that basis. See

10

Appellees' Brief, at 13-14.  We agree that Collins has not complied with Rule 28(a)(9) with respect to his contention that the District Court erred in refusing to allow him to conduct voir dire, and his contention that the District Court conducted the trial in a way that was unfair and prejudicial to him.  Collins does not present any fully developed argument in support of either of these contentions, and he makes no citations to the record of proceedings or the transcripts from the trial to support these contentions.  See, e.g., Edmonson v. Leesville Concrete Co., 500 U.S. 614, 631 (1991) (plaintiff in civil action who claims that racial discrimination occurred in jury selection must establish *prima facie* case, including information about whether there has been a pattern of strikes against members of a particular race).  Accordingly, they too are waived and we will not address them, Kost, 1 F.3d at 182.

We will affirm the remaining orders of the District Court.  The denial of a pro se litigant's request for appointment of counsel at public expense is reviewed for an abuse of discretion.  Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).  Counsel is not warranted where the pro se litigant has the skills to handle his case.  See id.  In denying Collins' request for counsel, the District Court reasoned that Collins had successfully defeated the defendants' motion for summary judgment.  In addition, the court reasoned that, although Collins' civil rights claims were not simple, they were not too complex for him to present.  The court noted in addition that Collins received assistance from a non-lawyer advisor at his deposition.  In his Informal Brief, Collins argues only that he lacked the financial means to hire counsel, and that DPW has an annual budget of $88 million, see Informal Brief, at 10.  In challenging the denial of counsel, Collins has failed to reference

11

any of the Tabron factors, 6 F.3d at 155-56, save his lack of financial means. From our review of the record, it appears that the District Court properly applied the Tabron factors. Collins undeniably has the intellectual ability to present his case. Thus, we hold that the District Court did not abuse its discretion in denying him counsel.

Next, the Magistrate Judge sanctioned the defendants for delaying discovery, concluding that their motion to stay discovery, filed about one month after Collins served his discovery requests, was meritless. On appeal, the District Court vacated the Magistrate Judge's order after determining that the defendants were not first notified of the Magistrate Judge's intent to impose sanctions or given an opportunity to show cause why sanctions should not be imposed. The District Court "may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As a general practice, a sanction should not be imposed by a court without prior notice and some occasion to respond. See, e.g., Eash v. Riggins Trucking, Inc., 757 F.2d 557, 570 (3d Cir. 1985) (in banc). In his Informal Brief, Collins argues that the Magistrate Judge's money sanction was a proper penalty for the defendants' delay in responding to his discovery requests, which may ultimately be true, but he does not point to anything in the record to undermine the District Court's determination that the defendants did not have the required notice and opportunity to respond before the sanction was imposed. It appearing to us that the required notice and opportunity to respond were indeed missing, we hold that the District Court did not err in reversing the Magistrate Judge's order imposing money sanctions on the defendants for delaying their discovery responses.

12

Next, following a pretrial conference, the District Court issued an order precluding certain irrelevant evidence from being referenced or admitted at trial, including evidence of Collins' other lawsuits involving similar allegations. Regarding the 2009 Auditor General's Report, which the defendants sought to exclude, Collins was given an additional opportunity to explain how it was relevant to his individual discrimination and retaliation claims. When he failed to comply with the court's order, the District Court, finding no independent basis establishing the Report's relevance, granted the defendants' motion as unopposed and excluded its admission at trial. We review a District Court's decision to admit or exclude evidence for an abuse of discretion, except that we exercise plenary review over evidentiary rulings that have a legal component. See Inter Medical Supplies, Ltd. v. EBI Medical. Systems, Inc., 181 F.3d 446, 464 (3d Cir. 1999). In his Informal Brief, Collins argues that the Report establishes DPW's misuse of public funds during the time period when he engaged in protected activity and thus supports his retaliation claim, see Informal Brief, at 12. Perhaps that is true as a general matter (although the Report is very long and only modestly relevant to Collins' retaliation claim), but because Collins did not bother to explain this to the District Court when an explanation was requested, we cannot conclude that the District Court abused its discretion in granting the defendants' motion in limine as unopposed.

Last, Collins challenges the District Court's directed verdict on his Title VII claims against DPW, arguing that the District Court did not properly apply McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1976). Rule 50(a)(1) provides that if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury

13

would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party…." Fed. R. Civ. Pro. 50(a)(1)(A). The rule requires a court to "review all the evidence in the record ... [and in] doing so, draw all reasonable inferences in favor of the nonmoving party ... [without] mak[ing] credibility determinations or weigh[ing] the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149-50 (2000).

Assuming that Collins made out a prima facie case for racial discrimination, see McDonnell Douglas, 411 U.S. 792, he had to prove at trial that DPW's reason for terminating him was a pretext for discrimination, Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981), or provide other evidence of discrimination, St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509-11 (1993). He had to either discredit DPW's proffered reasons for terminating him or show that racial discrimination was more likely than not a cause of his termination. Cf. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (addressing summary judgment standard). A plaintiff may support an assertion that an invidious discriminatory reason was more likely than not a determinative cause by showing that "the employer has treated more favorably similarly situated persons not within the protected class." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 413 (3d Cir. 1999).

In making his argument that the District Court erred in directing a verdict on his Title VII claims, Collins argues that Kevin Rockwell, a white employee with no experience who did not engage in protected activity, was granted civil service status, and now occupies his former position, see Informal Brief, at 2. He also has referred us to the

14

evidence he submitted in support of his motion for summary judgment, see id. at 14. He

does not reference the testimony at trial of the witnesses, which included Friel and Boyd,

who were cross-examined as hostile witnesses in his case-in-chief, or any of the exhibits

which were admitted at the trial. Even if we draw all reasonable inferences in favor of

Collins, as we must, and avoid making credibility determinations or weighing the

evidence, Fed. R. Civ. Pro. 50(a)(1); Reeves, 530 U.S. at 149-50, Collins has failed to

persuade us that the District Court erred in directing a verdict in favor of DPW on his

Title VII claims. He does not, for example, argue that Rockwell was given a negative

performance evaluation and still was granted civil service status; thus he is not a similarly

situated employee.

In sum, the District Court necessarily concluded that there was insufficient

evidence that the reasons proffered for terminating Collins – poor job performance by a

probationary employee, too much time spent at work on personal matters, untruthfulness

in critical matters pertaining to the functions of the office – were pretextual, and

insufficient evidence of racially discriminatory employment (as distinct from contract)

practices in the procurement department, to withstand a directed verdict under any Title

VII theory of liability. We have thoroughly examined the record in this case, including

the summary judgment proceedings, and are able to sustain the District Court's entry of a

directed verdict in favor of DPW even though we are unable to divine the precise grounds

upon which the District Court relied in granting the directed verdict.[1]

---

[1] In Sowell v. Butcher & Singer, Inc., 926 F.2d 289, 295 (3d. Cir. 1991), we exercised
our supervisory powers to require that each District Court in this circuit entering a

15

For the foregoing reasons, we will affirm the District Court's judgment entered in favor of the defendants and against Collins.

---

directed verdict set forth an explanation sufficient to permit us to understand the basis for the court's order. Here, the District Court did not comply with this directive, but we find it unnecessary to remand the matter for explanation of the order.