PSM-240                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1025
_____

KAI DWAYNE INGRAM,
                            Appellant

v.

S.C.I. CAMP HILL; S.C.I. GREENE;
Z. MOSLAK, S.C.I. Camp Hill, Hearing Examiner;
LIEUTENANT CHILE, S.C.I. Camp Hill, for R.H.U. / Lock-up;
GRIEVANCE OFFICER CHRIS CHAMBERS, S.C.I. Camp Hill, R.H.U. Unit Manager;
GRIEVANCE OFFICER IAN TAGGART, S.C.I. Camp Hill Facility;
CORRECTIONAL OFFICER R. BROWN, S.C.I. Camp Hill;
MEDICAL ADMINISTRATOR TERESA LAW, S.C.I. Camp Hill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-08-cv-00023)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2011

Before: AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 17, 2011)
_____

OPINION
_____

PER CURIAM

Kai Dwayne Ingram, a prisoner incarcerated at the State Correctional Institution ("SCI") Forest in Marienville, Pennsylvania, appeals from an order of the District Court granting summary judgment on his civil rights claims in favor of the defendants. For the following reasons, we will affirm.

I.

Ingram filed an amended complaint, pursuant to 42 U.S.C. § 1983, asserting that his civil rights were violated in various respects while he was incarcerated at SCI Camp Hill in 2007. Specifically, he claimed that: (1) correctional officer Reginald Brown filed false misconduct charges against him in retaliation for his stated intention to file a grievance; (2) three SCI Camp Hill employees denied him legal materials while he was housed in the Restricted Housing Unit ("RHU"), which led to the dismissal of a complaint he had filed against a nurse for forcing him to take medication; and (3) Teresa Law, the medical administrator who handled Ingram's grievance complaining of the forced medication, was deliberately indifferent to his serious medical needs because she did not take action to stop the forced medication.[1]

The defendants moved for summary judgment on the basis that Ingram failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. The motion was submitted to a Magistrate Judge, who recommended denying it because the defendants failed to carry their burden of proof. Judge Vanaskie, who was assigned to the case at the time, adopted the recommendation and scheduled the case for trial. At a

---

[1] Ingram asserted additional claims against additional defendants, which the District Court dismissed pursuant to 28 U.S.C. § 1915A. He does not contest the dismissal of

2

final pretrial conference, the defendants asked to file a renewed summary judgment motion, but the Judge denied their request.

Judge Vanaskie was thereafter elevated to this Court, and the case was reassigned to Judge Jones and set for a new trial date. After reviewing the parties' pretrial submissions, Judge Jones ordered the defendants to file a renewed motion for summary judgment based on the "potentially meritorious" arguments in their pretrial memorandum. (July 8, 2010 Order at 1.) "[R]ather than proceed to trial with potentially futile claims, [Judge Jones believed that] it [was] in the interest of judicial economy to address [those] arguments before . . . conduct[ing] any further proceedings." (Id.) Accordingly, the defendants filed a renewed motion for summary judgment, which the District Court granted on the basis that Ingram failed to exhaust his administrative remedies and, alternatively, because Ingram's claims failed on their merits. Ingram timely appealed.

## II.

The District Court possessed jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). "A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005) (internal quotation marks omitted).

those claims on appeal.

Ingram contends that the District Court abused its discretion in allowing the defendants to submit a renewed motion for summary judgment on their exhaustion defense given Judge Vanaskie's denial of their first summary judgment motion and refusal to let them file a second. In particular, he contends that the law of the case doctrine should have precluded reconsideration of the issue.[2] We disagree.

The law of the case doctrine directs courts to "refrain from re-deciding issues that were resolved earlier in the litigation." Pub. Interest Research Grp. Of N.J. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). However, a court may reconsider earlier rulings so long as it provides an explanation for the reconsideration and "take[s] appropriate steps so that the parties are not prejudiced by reliance on the prior ruling." Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997). Here, Judge Jones notified the parties that he sought a renewed motion to avoid a potentially unnecessary trial, surely an adequate justification for reconsideration. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 224 (3d Cir. 2009) ("[C]ourts' resources are limited and they should not be required to use those resources to conduct an unnecessary trial . . . ."). And since Judge Jones was reviewing a different summary judgment record than Judge Vanaskie, it is difficult to see how the law of the case doctrine precludes him from granting summary judgment, especially absent any indication that Ingram was prejudiced by the ruling.[3] See Krueger Assocs., Inc. v. Am. Dist. Tel. Co. of Pa., 247 F.3d 61, 65-66

---

[2] Ingram does not argue that the District Court erred in sua sponte directing the briefing nor that he was denied an opportunity to present evidence in support of his claims.

[3] While the District Court concluded that the defendants failed to meet their burden on their first motion for summary judgment, it did not affirmatively grant summary

(3d Cir. 2001) (district court appropriately considered post-discovery summary judgment motion despite having denied pre-discovery summary judgment motion); Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir. 1979) (holding that the district court did not abuse its discretion by granting summary judgment despite prior denial of summary judgment by judge previously assigned to the case). Thus, while we understand Ingram's frustration with the apparent about-face, we cannot say that Judge Jones abused his discretion by considering defendants' renewed summary judgment motion.[4]

Furthermore, we agree with the District Court that the defendants were entitled to summary judgment.[5] Turning to exhaustion first, we must determine whether Ingram exhausted available administrative remedies "by evaluating [his] compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir.

---

judgment to Ingram on the exhaustion issue. Accordingly, whether Ingram exhausted his administrative remedies remained an issue to be resolved at or prior to trial. See Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986) (observing that an order denying summary judgment "does not foreclose trial on the issues on which summary judgment was sought"). Likewise, the defendants' failure to object to the Magistrate Judge's report on their first summary judgment motion did not remove the issue from the case or waive the defendants' right to submit additional evidence in support of their defense.

[4] We also find no basis for Ingram's suggestion that the defendants fabricated evidence, which appears to be premised on the fact that the evidence submitted in support of their renewed summary judgment motion is more comprehensive than that submitted in support of their first motion.

[5] Ingram argues that the District Court erred in deeming admitted the defendants' statement of material facts due to Ingram's failure to adhere to the specific dictates of the Middle District's Local Rule 56.1. See M.D. Pa. R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."). We need not decide that issue because the record establishes that summary judgment is

5

2004). Since exhaustion is an affirmative defense, the defendants bear the burden of proof. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Ingram clearly did not exhaust his retaliation claim against Brown. He was given a hearing on the charges Brown filed against him, and the hearing examiner imposed discipline, rejecting Ingram's defense that Brown filed the charges in retaliation. Ingram twice appealed that decision in accordance with the relevant administrative policy, DC-ADM 801, but failed to invoke the third and final level of administrative review. Ingram provides no explanation for that failure.[6] Instead, he contends that administrative remedies were unavailable to him because additional grievances that he filed concerning the alleged retaliation were rejected on the basis that they were submitted in accordance with the prison's general policy governing grievances as opposed to DC-ADM 801. However, since Ingram has neither argued nor established that DC-ADM 801 was unavailable to him, we fail to see how the unavailability of relief under a different policy excuses exhaustion.

As for his remaining claims, Ingram filed grievances complaining that he was denied legal materials in the RHU and that medication was being forced upon him. He never appealed the denial of those grievances as required by the relevant policy, but asserts that exhaustion should be excused because he never received written responses to

---

warranted regardless of whether the defendants' stated facts are deemed admitted.
[6] Although Ingram was at the Luzerne County Prison on a writ when his appeal was rejected at the second level, he does not contend that he never received the prison's response to his appeal. Thus, he should have been capable of invoking the final level of review within seven calendar days of the receipt of that response in accordance with DC-ADM 801.

6

his grievances. Although the record reflects that prison officials administered responses, two of those responses issued after Ingram was transferred to another facility, SCI Greene. Accordingly, it is possible that Ingram did not receive the responses due to his transfer. But even assuming that exhaustion should be excused on that basis, summary judgment is nevertheless warranted on the merits of Ingram's remaining claims.

Ingram cannot prevail on his access to courts claim because he failed to show any "actual injury" resulting from the alleged denial of his right to court access. See Lewis v. Casey, 518 U.S. 343, 348-53 (1996). Ingram points to the fact that a case he had filed against a prison nurse who allegedly forced medication on him was dismissed, without prejudice, for failure to file an application to proceed in forma pauperis or pay the filing fee. (See Ingram v. Hamovitch, M.D. Pa. Civ. No. 07-1383.) There is no reason why he could not have □efilled that case with the appropriate application within the limitations period; indeed, he could have included it among the claims in this case.

Nor can Ingram prevail on his Eighth Amendment claim against Law due to her failure to take corrective action after being referred his grievance concerning forced medication. First, it is not clear that Ingram has asserted a viable legal theory against Law. See Santiago v. Warminster Twp., 629 F.3d 121, 130 n.8 (3d Cir. 2010) ("Numerous courts, including this one, have expressed uncertainty as to the viability and scope of supervisory liability after [Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)]."). Regardless, Ingram cannot establish that Law was deliberately indifferent to his serious medical needs so as to establish an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Law's response to Ingram's grievance, regardless of

7

whether he received it, reflects her agreement with Ingram that he "do[es] not have to take medication prescribed by the physician[]" and explains that he should complete a medication refusal form if he did not want to take the medication. Furthermore, Ingram may not predicate an Eighth Amendment violation on Law's failure to prevent medication from allegedly being forced on him at SCI Greene when there is no indication that she had any awareness of how Ingram was being treated at that facility.

Finally, Ingram asserts that the District Court abused its discretion in denying his motion to compel SCI Greene to allow him to copy his medical records in the prison law library so that he would not have to pay the prison to make copies for him at a greater cost. The District Court declined to direct a procedure that was contrary to the prison's existing policies for obtaining copies. That ruling does not constitute an abuse of discretion, cf. Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (indigent litigant must bear his own litigation expenses), especially since it appears from Ingram's prison account that he had the means to pay for the copies at the rate charged by the prison had he budgeted his money differently. Furthermore, Ingram was not prejudiced by the District Court's ruling since it is not clear how his medical records would have advanced his claim against Law, which is based solely on her alleged inaction with respect to his grievance. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) ("We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice.").

For the foregoing reasons, we will affirm the District Court's grant of summary judgment on Ingram's claims and denial of his motion to compel.

8